UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BRUCE C. MARPLE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:18-cv-00407 |
| | : | |
| NANCY ANN BERRYHILL, Acting Commissioner Social Security Administration, | : | |
| Defendant. | : | |

# **O P I N I O N**

**Plaintiff's Request for Review, ECF No. 9—Denied**
**Report and Recommendation, ECF No. 17—Approved and Adopted**

**Joseph F. Leeson, Jr.**                                                                        **January 4, 2019**
**United States District Judge**

## I. INTRODUCTION

Plaintiff Bruce C. Marple applied for supplemental security income and alleged a disability. After an Administrative Law Judge (ALJ) of the Social Security Administration denied his application, Plaintiff filed a request for review in this Court under 42 U.S.C. § 405(g). ECF No. 3. United States Magistrate Judge Jacob P. Hart issued a Report and Recommendation (R&R), in which he recommends that this Court deny Plaintiff's Request for Review and enter a judgment in favor of the Commissioner. ECF No. 17. Plaintiff objected to the R&R. ECF No. 18. For the reasons discussed below, this Court adopts the R&R, concludes that the ALJ's decision is supported by substantial evidence, and affirms the decision of the Commissioner of the Social Security Administration. Plaintiff's objections are overruled.

## II. LEGAL STANDARD

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

District courts review a final decision of the Commissioner of Social Security to determine whether the decision is supported by "substantial evidence." *See* 42 U.S.C. § 405(g); *Marshall v. Astrue*, No. 12-cv-6580, 2016 U.S. Dist. LEXIS 39982, at *8 (E.D. Pa. Mar. 28, 2016) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). If the ALJ's decision is supported by substantial evidence, the district court must affirm that decision, even if it "would have decided the factual inquiry differently." *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Id.* A district court reviews the record to determine whether substantial evidence supports a factual finding. *Schaudeck,* 181 F.3d at 431.

## III. ANALYSIS

This Court adopts the R&R issued by Magistrate Judge Hart in its entirety and writes separately only to address Plaintiff's objections. Plaintiff raises one general objection: that Judge

Hart erred in recommending that Plaintiff's request for review be denied. Plaintiff breaks his general objection into two subparts. He argues that the ALJ failed to properly weigh the opinion evidence and that the ALJ's multiple errors with symptom evaluation compel reversal. These objections simply restate two arguments contained in Plaintiff's Request for Review and appear to attack, without elaboration or argument, Judge Hart's R&R. In these objections, Plaintiff does not point the Court to any portion of the R&R with which he takes issue.

**A. The ALJ properly weighed the opinion evidence.**

Regarding his argument that the ALJ failed to properly weigh the opinion evidence, Plaintiff disagrees with Judge Hart's conclusion that the opinion of the treating nurse practitioner, Faith Joyce, MSN, CRNP, was not well-supported. To support this objection, Plaintiff references specific portions of Joyce's treatment notes that supposedly contain supportive clinical and objective findings consistent with her opinion. Plaintiff, however, fails to address the ALJ's reasoning for rejecting Joyce's opinion and the inconsistent evidence identified by Judge Hart.

In the R&R, Judge Hart considers Joyce's opinion and specifically determines the ALJ provided adequate justification for giving little weight to the opinion. As Judge Hart notes, the ALJ stated in her opinion reason as to why she gave little weight to Joyce's description of Plaintiff's physical limitations: because Joyce's description was inconsistent with the record. *See* R&R 7, ECF No. 17. Judge Hart also referenced in detail portions of the record that conflicted with Joyce's description. R&R at 7-8. Judge Hart properly found that the ALJ's assessment of Joyce's report was supported by substantial evidence and that the record supported such determination. *See* Social Security Ruling ("SSR") 06-03p, 2006 SSR LEXIS 5 at *5; *Burnett v.*

*Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000) (explaining that an ALJ must consider all non-medical evidence and explain why it rejects or accepts such testimony).

Plaintiff further argues that if the ALJ was unclear regarding the basis of Joyce's opinion, she should have requested a clarification from Joyce regarding Marple's mental residual functional capacity. Plaintiff quotes *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004), from the United States Court of Appeals for the Seventh Circuit to support the proposition that the ALJ should have requested clarification from Joyce because of some uncertainty regarding Joyce's basis. In *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004), the Seventh Circuit explained that an ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable. However, besides a conclusory statement that the ALJ should have requested clarification from Joyce, Plaintiff fails to develop an argument as to how a failure to gather additional medical information prejudiced him or caused the ALJ's opinion to lack evidentiary support. Moreover, the ALJ did not ignore Joyce's opinion, but instead considered that opinion with the evidence in the record to determine that Joyce's opinion was entitled to little weight.

Upon review of the record, this Court agrees that the ALJ properly weighed the opinion evidence; therefore, Judge Hart did not err in determining that substantial evidence supports the ALJ's assessment of Joyce's report. Plaintiff's objections are overruled.

**B. The ALJ's symptom evaluation was not in error.**

Plaintiff next argues that there were several errors with the ALJ's symptom evaluation that compel reversal. Plaintiff references three aspects of the symptom evaluation that were allegedly done in error.

First, Plaintiff contends that the ALJ's reference to the conservative treatment was improper. Despite Plaintiff's suggestions these aspects of the ALJ's symptom evaluation were not in error. The ALJ was permitted to note that Plaintiff's treatment was conservative in nature because regulations instruct the ALJ to consider several factors, specifically including the claimant's medical treatment history.

Next, Plaintiff challenges Judge Hart's reference to Plaintiff receiving minimal mental health treatment because if the ALJ was concerned about this, she should have questioned Plaintiff about it. As the ALJ noted, there was no evidence of any inpatient psychiatric treatment being needed or recommended. Judge Hart highlighted the lack of a mental health history in the record and noted that Plaintiff saw his mental health provider no more than every three or four months and had never had a hospitalization or partial hospitalization for mental health symptoms. It does not appear that the ALJ had any concerns with the minimal amount of mental health treatment. Rather, the ALJ reviewed the record of mental health treatment and determined that there was not substantial evidence to support a finding of disability due to mental illness.

Finally, Plaintiff argues, contrary to Judge Hart's finding, that the ALJ failed to conduct a proper pain analysis because the ALJ allegedly failed to explain how she considered Marple's side-effects of medications and difficulties with daily activities in determining his functional limitations. In the R&R, Judge Hart notes that the ALJ explained how Plaintiff's reported symptom-related functional limitations and restrictions were not consistent with the medical and other evidence, as required by SSR 16-3p. Judge Hart includes a quotation from the ALJ's decision where the ALJ considered and explained her rationale for finding Plaintiff's subjective complaints not consistent with the record. Plaintiff, argues further that the ALJ needed to explain how she considered Plaintiff's side-effects of medications and difficulties with daily activities in

determining his functional limitations pursuant to SSR 96-8p. Contrary to Plaintiff's arguments, the ALJ did consider these side-effects and found them "not entirely consistent with the medical evidence and other evidence in the record . . . ." R. 16-17.[1] Therefore, as Judge Hart states in the R&R, "[a]s a whole, the ALJ's obligation as described in SSR 16-3p was adequately fulfilled." R&R at 13.

Upon de novo review of these objections, this Court finds no error by either Judge Hart or the ALJ, and the objections are overruled.

## IV. CONCLUSION

After de novo review, this Court agrees with Judge Hart that the ALJ's decision denying disability insurance benefits is supported by substantial evidence. Plaintiff's objections to the R&R are overruled, and the R&R is adopted. The Request for Review is denied, and the decision of the Commissioner of the Social Security Administration is affirmed. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] Citations to specific documents in the administrative record are listed as "R. __." ECF No. 7.

6
010319